IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TOHO CO., LTD.,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,

        Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

    Plaintiff Toho Co., Ltd. ("Toho" or "Plaintiff"), hereby files its Complaint for trademark and copyright infringement against Defendants, the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified on Schedule "A", (collectively, "Defendants") and in support of its claims alleges as follows:

**JURISDICTION AND VENUE**

    1.    This is an action for damages and injunctive relief for federal trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051, et seq.; Florida common law unfair competition; Florida common law trademark infringement; and copyright infringement under the Federal Copyright Act, 17 U.S.C. §101, et seq.

    2.    This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)-(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction pursuant to

28 U.S.C. § 1367(a) over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

3. This Court may exercise personal jurisdiction over each Defendant because each of the Defendants directly targets business activities towards consumers throughout the United States, including Florida, through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A (the "Seller Aliases") attached hereto as **Exhibit 1**. Specifically, each Defendant has targeted sales to the United States by operating these e-commerce stores that target United States consumers, offering to ship to the United States, accepting payment in U.S. dollars, and have sold products using Plaintiff's federally registered trademark.

4. Florida's Long-arm Statute allows for the exercise of jurisdiction over each Defendant because each committed a tort in Florida. The common law violations under Florida law provide a basis for long-arm jurisdiction over each Defendant under Florida Statutes §§ 48.193(1)(a) and 48.193(1)(b), as each Defendant has committed torts within Florida through unfair competition with Plaintiff.

5. Each Defendant is properly subject to jurisdiction in the United States because each is a foreign entity with sufficient contacts here, as they systematically offer counterfeit items through individual websites, Amazon.com, and Walmart.com. This systematic offering of counterfeit items for sale makes it reasonably foreseeable that each Defendant would be called to answer in a court within the United States, ensuring that the exercise of jurisdiction in this Court aligns with due process.

6. Venue is proper in this district under 28 U.S.C. § 1391 because each Defendant is subject to this Court's personal jurisdiction, none of the Defendants, based on research from the pre-suit investigation, is a resident of the United States, each Defendant is engaged in infringing

activities and causing harm within the Southern District of Florida by advertising, offering to sell, selling and/or shipping infringing products to consumers in the Southern District of Florida. This Court is the proper jurisdiction and venue under Federal Rule of Civil Procedure 4(k).

## THE PLAINTIFF

7. Toho is in the business of developing, marketing, selling, and distributing GODZILLA products. Toho is a Japanese film, theater production, and distribution company. TOHO's most famous creation is Godzilla, a prehistoric reptilian monster awakened and powered by nuclear radiation. Godzilla was introduced by Toho in 1954, and the Guinness Book of World Records has recognized the Godzilla franchise as the longest continuously running movie franchise worldwide. The popularity of the films has led to the franchise expanding into other media, including television, music, literature, and video games.

8. The GODZILLA brand has become one of the most recognizable symbols of Japanese pop culture worldwide. Toho develops, markets, sells, and distributes GODZILLA brand products. Toho is the official source of GODZILLA products:



https://godzilla.com/

9. Toho is the registered owner of the marks for GODZILLA, among others. Toho's registered marks include those as U.S. Registration Nos. 2,360,489; 4,183,291; and 7,245,324 (the "GODZILLA Trademarks"). Copies of the asserted Trademark Registrations are attached as **Exhibit 2**.

10. The GODZILLA Trademarks have been the subject of substantial and continuous marketing and promotion by the Plaintiff. Plaintiff has and continues to widely market and promote the GODZILLA Trademarks in the industry and to consumers. Plaintiff's promotional efforts include, by way of example, but not limitation, substantial print media, the GODZILLA website and social media sites, and point of sale materials.

11. The GODZILLA Trademarks are distinctive and identify the merchandise as goods from the Plaintiff. The registrations for the GODZILLA Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the GODZILLA Trademarks pursuant to 15 U.S.C. § 1057(b).

12. The GODZILLA Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1) and has been continuously used and never abandoned.

13. Toho also owns the rights to valuable copyrighted content (the "GODZILLA Works"), including several motion picture films. The GODZILLA Works are protected by copyright registrations, including those at registration numbers. PA0000187943; PA0000595595; PA0000785448; PA0000796964; PA0000796966; PA0000967584; PA0001035743; PA0001036332; and PA0001151212. Copies of the asserted Copyright Registrations are attached as **Exhibit 3.**

14. Toho has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the GODZILLA Works. As a result, products associated with the GODZILLA Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff.

15. The Copyright Registrations are valid, subsisting, and in full force and effect.

16. The Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the GODZILLA Works.

17. The success of the GODZILLA Works is due in large part to the Plaintiff's marketing, promotional, and distribution efforts.

18. As a result of Plaintiff's efforts, the quality of the Toho Products, the promotional efforts for Plaintiff's products and designs, movies, press and media coverage, and social media coverage, members of the public have become familiar with the GODZILLA Works and associate them exclusively with Plaintiff.

19. Plaintiff has made efforts to protect Plaintiff's interests in and to the GODZILLA Works. No one other than Plaintiff and Plaintiff's licensees is authorized to manufacture, import, export, advertise, create derivative works from, offer for sale, or sell any goods utilizing the GODZILLA Works without the express written permission of Plaintiff.

## THE DEFENDANTS

20. Each Defendant is an individual or business entity of unknown corporate organization and/or structure which, according to the Plaintiff's pre-suit investigation, reside outside the United States. Each Defendant conducts business throughout the United States, including within this District, through the operation of online enterprises such as each Defendant's internet store.

21. Tactics used by each Defendant to conceal its identity and the full scope of its infringing operations and its relatedness to the other Defendants make it virtually impossible for the Plaintiff to learn the Defendants' true identities and the precise interworking of their counterfeit network.

## BACKGROUND INFORMATION

22. Plaintiff has identified numerous websites and marketplace profiles associated with the Defendant Internet Stores on third-party platforms, such as Amazon or Walmart.com. See, Schedule A. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise, offer for sale, sell, and import infringing products to consumers in this District and throughout the United States.[1] These third-party platforms also generally do not require a seller to identify any underlying business entity, thus single infringers can create multiple profiles and e-commerce stores that appear unrelated even though they are commonly owned and operated.[2]

23. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion, an increase of 152% over the previous Fiscal Year.[3]

---

[1] U.S. Department of Homeland Security, Report on Combating Trafficking in Counterfeit and Pirated Goods, January 24, 2020, (available at: https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf).
[2] *Id*. at 39.
[3] Intellectual Property Rights Seizure Statistics, Fiscal Year 2021, at p. 5 (available at: https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf)

24. CBP reports that the vast majority of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by each Defendant.[4] CPB also reports that "[t]rade in counterfeit and pirated goods threatens America's innovation economy, the competitiveness of our businesses, the livelihoods of U.S. workers, and, in some cases, national security and the health and safety of consumers."[5]

25. Each Defendant facilitates sales by opening e-commerce stores operating under at least one Seller Alias, but often more, so that they appear to unsuspecting customers to be authorized online retailers. This also gives them the appearance of being multiple entities when listing them in an enforcement action. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like each Defendant to conceal its identity and the full scope and interworking of their infringement operation, and to avoid being shut down.

26. Each Defendant's E-commerce store operating under a Seller Alias appears legitimate because it is either operating on a professional looking website or operating on well-known and trusted online marketplace platforms and accepts payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, debit cards, Alipay, Amazon Pay, and/or PayPal.

27. The E-commerce stores operating under each Defendant's Seller Alias largely include common characteristics such as use of the same registration patterns, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Defendants' Products for sale by the Seller Aliases bear similar irregularities, suggesting that the Defendants' Products were

---

[4] *Id*. at 37.
[5] See https://www.cbp.gov/trade/priority-issues/ipr.

manufactured by and come from a common source and that each Defendant is related to the other Defendants.

28. Each Defendant's unauthorized use and counterfeiting of the GODZILLA Works in connection with the advertising, distribution, offering for sale, and sale of infringing products, including the sale of infringing products into Florida, is likely to cause and has caused confusion, mistake, and deception by and among consumers and has irreparably harmed Plaintiff.

29. The Plaintiff has not licensed or authorized any of the Defendants to use the GODZILLA Trademarks, and none of the Defendants are authorized retailers of the Plaintiff's genuine goods.

30. By its actions, each Defendant is causing harm to Plaintiff and the consuming public by (i) depriving Plaintiff of its right to fairly compete for space online and within search engine results and reducing the visibility of Plaintiff's genuine goods on the Internet, (ii) causing an overall degradation of the value of the goodwill associated with the GODZILLA Trademarks, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand via the Internet.

31. Each of the Defendants unfairly benefits from operating in the midst of a swarm of other infringers, each individually, and all collectively, violating Plaintiff's registered trademarks and/or copyrights with impunity through misuse of e-commerce. This is the strategy that counterfeiters use to evade enforcement efforts, thus keeping their operations moving, because there is too much of a swarm to go after them individually, and because as one gets shut down, the counterfeiter can open five more, and transfer money in between them if noticed of a suit like this one.

32. The Defendants' intentional technique of hiding behind multiple Seller Aliases to make enforcement more difficult is used to perpetuate illegal counterfeiting activities. Absent joinder of each Defendant, each Defendant's strategy to avoid the law will be effective because individual lawsuits are costly to file and burden the courts. Hence, each Defendant is joined in this action because it is highly likely that they are linked with the other Defendants, are not separate entities, and that they are only listed as separate entities to avoid enforcement of U.S. Copyright and Trademark Law.

33. The combined effects of multiple infringers operate uniquely to cause a mass harm to the Plaintiff that one infringer alone would not be able to cause. This is because the mass infringement of Plaintiff's trademarks causes an excessive amount of confusion in the market, drives up the price of educating consumers about the legitimate brand, and diverts a large amount of website traffic to counterfeiters, rather than the Plaintiff.

34. Each Defendant's payment and financial accounts are linked to the online marketplace platform, and are being used by Defendants to accept, receive, and deposit profits from Defendant's trademark infringing and tortious unfair competition connected to their Seller Aliases.

35. Furthermore, each defendant is likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to the Plaintiff. Therefore, the Plaintiff has no adequate remedy at law because there will be no money within the Court's jurisdiction to award to the Plaintiff when it prevails on its claims, unless there is injunctive relief over the funds already held by third parties.

36. Plaintiff is suffering irreparable injury and has suffered substantial damages because of each Defendant's unauthorized and wrongful use of the GODZILLA Trademarks, and the mass harm caused by all the Defendants using the Plaintiff's trademarks.

37. If each Defendant's infringing and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed while each Defendant wrongfully earns a substantial profit.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

38. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-37.

39. This is an action for trademark infringement against each Defendant based on their unauthorized use of the GODZILLA Trademarks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of Defendants' Products.

40. Plaintiff is the exclusive owner of the GODZILLA Trademarks. The United States Registrations for the GODZILLA Trademark are in full force and effect.

41. The marks used by each Defendant in their promotion, advertising, marketing, offers for sale, and sale of the infringing products are identical with, or substantially indistinguishable from, the registered GODZILLA Trademarks.

42. The GODZILLA Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the GODZILLA Trademarks.

43. Each Defendant sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the GODZILLA Trademarks without Plaintiff's authorization or permission.

44. On information and belief, Defendants have knowledge of Plaintiff's rights in the GODZILLA Trademarks and are willfully infringing and intentionally using counterfeits of the GODZILLA Trademarks despite such knowledge.

45. Each Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Each Defendant's willful, intentional, and unauthorized use of the GODZILLA Trademarks for goods identical, nearly identical, directly competing, and/or overlapping to Plaintiff's Goods is likely to cause and is causing confusion, mistake, confusion, and deception as to the quality, origin, sponsorship, or approval of Defendants' Products among the general public.

47. Each Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

48. Plaintiff has no adequate remedy at law. Plaintiff has suffered and will continue to suffer irreparable injury and damages because of each Defendant's above-described activities if each Defendant is not preliminarily and permanently enjoined. Additionally, Defendants will continue to profit from their unlawful activities.

49. Plaintiff is entitled to injunctive relief in accordance with 15 U.S.C. § 1116(a).

50. Plaintiff is entitled to recover damages as set forth in 15 U.S.C. § 1117(a).

51. Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

52. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-37.

53. Each Defendant's promotion, advertising, marketing, offering for sale, and sale of infringing products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

54. By using the GODZILLA Trademarks in connection with the sale of infringing products, Each Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the infringing products.

55. Each Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the infringing products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

56. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand..

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

57. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-37.

58. Plaintiff has acquired common law trademark rights in and to the GODZILLA Trademarks.

59. Each Defendant adopted and began using the GODZILLA Trademarks after Plaintiff's first use of the GODZILLA Trademarks in the United States.

60. Each Defendant's conduct of promoting, advertising, offering for sale and/or selling Defendants' Goods using the GODZILLA Trademarks constitutes common law trademark infringement.

61. Each Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of each of Defendant's Products bearing the GODZILLA Trademarks.

62. Each Defendant's conduct is causing and, unless enjoyed and restrained by this Court, will continue to cause Plaintiff great and irreparable harm that cannot be fully compensated or measured in a dollar amount, meaning Plaintiff has no adequate remedy at law.

63. Because Plaintiff has no adequate remedy at law, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the GODZILLA Trademarks.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

64. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-37.

65. Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing products using the GODZILLA Trademarks without authorization or the right to do so.

66. Defendants are each also infringing on the GODZILLA Trademarks to unfairly complete with Plaintiff for (a) space in search engine results across an array of search terms and/or (b) visibility on the Internet.

67. Each Defendant's conduct constitutes unfair competition under the common law of Florida by a deliberate course of conduct, all without authorization, license, privilege, or justification.

68. Each Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among customers as to the origin and quality of Defendants' Products and Defendants' e-commerce stores as a whole due to their use of the GODZILLA Trademarks.

69. As a result of the Defendants' acts, Plaintiff has been damaged and will continue to be damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, an accounting of the Defendants' profits, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

## COUNT V
## COPYRIGHT INFRINGEMENT

70. Plaintiff repeats and incorporates by reference herein its allegations set forth above in paragraphs 1-37.

71. At all relevant times, Toho is, and has been, the owner of all valid and enforceable rights to the GODZILLA Works, which contain copyrightable subject matter under 17 U.S.C. §§ 101 and 501, et seq.

72. The GODZILLA Works have significant value and were produced at considerable expense.

73. The GODZILLA Works are the subject of valid certificates of copyright registrations for the GODZILLA Works. Toho has complied with the registration requirements of 17 U.S.C. § 411(a) for the GODZILLA Works.

74. No Defendant has any ownership interest in the GODZILLA Works.

75. No Defendant has had access to the GODZILLA Works, including via the internet.

76. Without authorization from Toho, or any right under the law, Each Defendant has deliberately copied, displayed, distributed, reproduced and/or made derivative works of the GODZILLA Works, as displayed in relation to Each Defendant's Internet Stores and the

corresponding infringing products in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

77. Each Defendant's images, artwork, and derivative works are virtually identical to and/or substantially similar to the GODZILLA Works. Such conduct infringes and continues to infringe the GODZILLA Works in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

78. Each Defendant reaps the benefits of the unauthorized copying and distribution of the GODZILLA Works in the form of revenue and other profits that are driven by the sale of Infringing Toho Products.

79. Each Defendant has unlawfully appropriated Toho's protectable expression by taking material of substance and value and creating Infringing Toho Products that capture the total concept and feel of the GODZILLA Works.

80. Upon information and belief, each Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Toho's rights.

81. Each Defendant, by their actions, has damaged Toho in an amount to be determined at trial.

82. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

83. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law.

84. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for judgment on all Claims of this Complaint against Defendants as follows:

1) Finding that Defendants have directly infringed the GODZILLA Trademarks under 15 U.S.C. § 1125(a);

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, employees, and all those acting in concert or participation therewith from:

   a. using the GODZILLA Trademarks or GODZILLA Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offer for sale or sale of any product that is not a genuine Plaintiff product or is not authorized by Plaintiff to be sold in connection with the GODZILLA Trademarks or GODZILLA Works;

    b.   passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the GODZILLA Trademarks or GODZILLA Works;

    c.   further infringing the GODZILLA Trademarks or GODZILLA Works and damaging Plaintiff's goodwill;

    d.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the GODZILLA Trademarks or GODZILLA Works, and which are derived from Plaintiff's rights to the GODZILLA Trademarks or GODZILLA Works; and

    e.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff, which are derived from Plaintiff's rights to the GODZILLA Trademarks or GODZILLA Works; and

    f.   otherwise unfairly competing with Plaintiff.

4)   Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that:

    a.   enjoins Defendants and those with notice of the injunction, including, without limitation any online marketplace platforms (the "Third Party Providers") from participating in, including providing financial, technical, and advertising services or other support to Defendants in connection with the sale of Defendant's Products;

b. that, upon Plaintiff's request, the Third Party Providers who have notice of the injunction cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores for the Seller Aliases; and

c. that, upon Plaintiff's request, the Third Party Providers for the Seller Aliases who are provided with notice of an injunction issued by this Court, disclose the true identities and any contact information known to be associated with Defendants' Seller Aliases.

5) Directing Defendants to file with this Court and serve on Plaintiff's counsel within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6) Entry of an order requiring Defendants to account for and pay Plaintiff for all profits and damages resulting from Defendants' trademark infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117,

7) Entry of an order requiring Defendants to account for and pay Plaintiff for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

8) Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action as well pre and post-judgment interest;

9) Alternatively, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every counterfeit use of the GODZILLA Trademarks;

10) Granting to Plaintiff such further relief as may be equitable and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 3, 2025                    Respectfully submitted,

By: /s/ *William R. Brees*
William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
Emily M. Heim (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
11540 W. Warm Springs Rd., Ste 100
Henderson, NV 89014
Tel: (702) 462 – 5973

*Counsel for Plaintiff Toho Co., Ltd.*